**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 12-4202**

———

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMEL RAYSHAWN LEONARD,

                    Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (7:10-cr-00073-FL-1)

———

Submitted:  August 17, 2012          Decided:  September 13, 2012

———

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

———

Affirmed by unpublished per curiam opinion.

———

Richard C. Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamel Rayshawn Leonard, who pled guilty without a plea agreement to one count of possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2012), appeals the district court's amended judgment entered after this court vacated his original 120-month sentence and remanded to the district court for resentencing, in accordance with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Leonard's sole argument is that the district court erred when it granted the Government's motion for an upward variant sentence on remand. In particular, Leonard argues that the upward variant sentence was unwarranted, and, that his 108-month sentence is unreasonable, because his prior criminal conduct was adequately considered in his category VI criminal history score, and he exhibited exemplary post-sentencing conduct and rehabilitation efforts. Finding no error, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012), petition for cert. filed, No. 11-10786 (U.S. June 5, 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). When the district court imposes a departure or variant sentence, we consider "whether the sentencing court acted reasonably both

2

with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. "This deference is due in part because the sentencing judge is in a superior position to find facts and judge their import and the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Diosdado-Star, 630 F.3d at 366 (internal quotation marks, brackets and citation omitted); see Rita, 551 U.S. at 357–58 (recognizing that the district court also "has access to, and greater familiarity with, the individual case and the individual

3

defendant before [the court] than the Commission or the appeals court").

Because the district court identified multiple reasons for its variance, all of which were based on the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors and related to the particular facts of Leonard's case, we conclude that the variant sentence is reasonable. See King, 673 F.3d at 284 (concluding that upward variant sentence was reasonable as it was adequately supported by reference to the § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67 (holding that a six-year upward variant sentence was substantively reasonable because district court expressly relied on several of the § 3553(a) factors to support the variance).

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4